YOSEF PERETZ (SBN 209288)
KLETTER & PERETZ
One Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: (415) 732-3777
Facsimile:  (415) 732-3791
E-mail: yp@kletterperetz.com

ISSA J. MICHAEL (SBN 184256)
THE MICHAEL LAW FIRM
1648 Union Street, Suite 201
San Francisco, CA  94123
Telephone:  (415) 447-2833
Facsimile:   (415) 447-2834
E-mail: IMichaelESQ@yahoo.com

Attorneys for Plaintiff SALEH ALI

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALEH ALI, individually and as the administrator of the estate of NASER ALI SOLIS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HAYWARD; LLOYD LOWE, in his capacity as Chief of Police for the CITY OF HAYWARD;  JASON CORSOLINI, individually and in his capacity as an officer for the CITY OF HAYWARD; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR WRONGFUL DEATH VIOLATION OF CIVIL RIGHTS AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.     This action arises under Title 42 of the United States Code § 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code §§ 1331 and 1343.  The unlawful acts and

practices alleged herein occurred in the City of Hayward, County of Alameda, California, which is within this judicial district. Further, this action arises under California Code of Civil Procedure ("CCP") §§ 340(3), 377, 377.10(b), 377.11, 377.20, 377.30, 377.32(a), 377.34, 377.60(a), 377.61, and 377.62 and California Probate Code § 6402(b). Jurisdiction is conferred upon this Court by CCP § 340(3). The unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

**PARTIES**

2.  Plaintiff is a citizen of the United States and resident of Hayward, California. Plaintiff is the father of decedent, NASIR SOLIS ("Decedent"), who was readily recognizable as an Arab-American as well as a Hispanic-American. Plaintiff is Decedent's successor in interest, pursuant to CCP § 377.11, and the beneficiary of Decedent's estate, pursuant to CCP § 377.10(b). Plaintiff is also the personal representative of the Estate of NASIR ALI SOLIS.

3.  Defendant CITY OF HAYWARD ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California.

4.  At all times mentioned herein, defendant LLOYD LOWE ("LOWE") was the Chief of Police for the CITY. LOWE is sued herein in his capacity as the Chief of Police for the CITY.

5.  At all times mentioned herein, defendant JASON CORSOLINI ("CORSOLINI") was employed by the CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

6.  Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend her complaint to state the names and capacities of DOES 1-20, inclusive, when they have been ascertained.

7.  In engaging in the conduct described herein, LOWE AND CORSOLINI acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, LOWE and CORSOLINI exceeded the authority vested in them as police

officers under the United States and California Constitutions and as police officers employed by the CITY.

8. Plaintiff is required to comply with an administrative claim requirement under California law for causes of action based upon California law that are related to Federal claims. Plaintiff has complied with all applicable requirements.

**STATEMENT OF FACTS**

9. On the afternoon of August 30, 2006, Decedent approached his brother, Alberto Solis, and a group of several other people, including Mark Mata, Mr. Mata's brother, Mr. Mata's mother, and Mr. Mata's grandmother, in the yard of Mr. Mata's residence at 168 Laurel Avenue, Hayward, California. Decedent knew Mr. Mata through school and common acquaintances.

10. Decedent asked his brother, Alberto Solis, if he had taken Decedent's bicycle. Decedent's brother was bewildered at the question and told Decedent that he had not taken his bicycle. Decedent's brother stepped out of the yard and began arguing with Decedent, who held a short stick or a shaft in his hand. The two brothers began to wrestle after Decedent struck the yard's fence with the object he held. No threats were made by Decedent, and the wrestling between the two brothers was not violent or out of control.

11. CORSOLINI arrived on the scene in a marked Hayward Police Department vehicle. CORSOLINI abruptly stopped his police vehicle, exited the vehicle in full police uniform, and immediately ran toward Decedent. CORSOLINI held a long black police baton in one hand as he ran toward Decedent. Decedent's brother stepped away when he noticed the officer. CORSOLINI immediately struck Decedent on the head with his police baton, and Decedent dropped the object he had been holding. As he struck Decedent, CORSOLINI cursed at Decedent repeatedly and told him to "drop the mother fucking stick." Decedent never struck the officer.

12. Decedent was empty-handed as he backed away from CORSOLINI after being struck on the head by CORSOLINI's police baton. CORSOLINI continued striking Decedent with his police baton. Witnesses called out to CORSOLINI to stop hitting Decedent. CORSOLINI landed numerous blows to Decedent, who was unarmed after the initial blow. Decedent and CORSOLINI eventually faced each other while CORSOLINI continued to strike Decedent. Decedent did not

strike CORSOLINI, but held on to him. Eventually, Decedent fell to the ground with CORSOLINI on top of him.

13. CORSOLINI then was in a position of advantage over Decedent, who was on the ground. CORSOLINI had Decedent pinned to the ground with his knee on Decedent's back. Decedent told CORSOLINI that he "gave up" and begged him not to shoot him. CORSOLINI made no attempt to handcuff Decedent. Witnesses yelled out to CORSOLINI and also pleaded with him not to further hurt or shoot Decedent, since it appeared to them that Decedent no longer presented a threat to CORSOLINI. For unjustifiable reasons, CORSOLINI then shot Decedent several times with at least one shot to his head above his ear that caused the immanent death of Decedent.

14. Several other Hayward Police Department personnel arrived on the scene shortly after the excessive shooting and killing of Decedent.

15. The above-described misconduct by CORSOLINI was brutal, malicious, and done without any just provocation or cause, proximately causing Decedent's suffering and death, and injuries and damages to Plaintiff.

16. The CITY, by and through its supervisory employees and agents, including LOWE, and DOES 11-20, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, LOWE and DOES 11-20, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Decedent's and Plaintiff's rights, the suffering and death of the Decedent, and injuries and damages to Plaintiff. CITY, LOWE and DOES 11-20, inclusive, breached their duty of care to citizens in that they failed to adequately train, supervise and discipline their officers, including CORSOLINI and DOES 1-10, inclusive ("defendants' officers"), in the proper use of force, and/or failed to have adequate policies and procedures regarding the use of force. This lack of adequate supervisory training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by officers employed by the CITY.

//
//
//

## DAMAGES

17. Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to, Plaintiff's loss of Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

18. Plaintiff is entitled to recover wrongful death damages pursuant to CCP. §§ 377.60 and 377.61 and Probate Code § 6402(b). Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to CCP §§ 377.60 and 377.61.

19. Pursuant to CCP §§ 377.30, 377.32 and 377.34, Plaintiff is further entitled to recover for physical injuries inflicted against Decedent before he died as the result of being assaulted, battered and shot, for deprivation without due process of Decedent's right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover, had he lived.

20. As a proximate result of defendants' conduct, Decedent suffered pain and physical injuries, and lost wages and earnings. As a further proximate result of defendants' conduct, Decedent suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride.

21. Plaintiff is entitled to on behalf of Decedent for his injuries and damages.

22. The conduct of CORSOLINI and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff, as Decedent's successor in interest, is therefore entitled to an award of punitive damages against said defendants on behalf of Decedent's right to punitive damages against said defendant officers.

23. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of both Decedent's and Plaintiff's civil rights.

//
//
//

COMPLAINT FOR WRONGFUL DEATH, VIOLATION OF CIVIL RIGHTS AND DAMAGES
- 5 -

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)
[Against Defendants CORSOLINI and DOES 1-10]

24. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

25. In doing the acts complained of herein, Defendants CORSOLINI and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff and Decedent of certain constitutionally protected rights, including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983)
[Against Defendants the CITY, LOWE and DOES 11-20]

26. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

27. The CITY, by and through its supervisory employees and agents, including LOWE and DOES 11-20, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its peace officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, the CITY, LOWE and DOES 11-20, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Decedent's and Plaintiff's rights, the suffering and death of Decedent, and injuries and damages to Decedent and Plaintiff. The CITY, LOWE and DOES 11-20, inclusive, breached their duty of care to citizens in that they failed to adequately hire, retain, supervise, discipline, and train peace officers, including CORSOLINI and DOES 1-10, inclusive, in the proper use of force, and/or failed to have adequate policies and procedures regarding the proper use of force. This lack of adequate supervisory training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by police officers employed by the CITY.

28. The acts of defendant peace officers alleged herein are the direct and proximate result of the deliberate indifference of the CITY, LOWE and DOES 11-20, inclusive, to the violation of the constitutional rights of citizens by defendants' officers herein, and other members of the Hayward Police Department. Decedent's and Plaintiff's injuries were a foreseeable and proximate result of

the deliberate indifference of the CITY, LOWE and DOES 11-20, inclusive, to the pattern, practices, customs, and policies described above.

### THIRD CAUSE OF ACTION
(42 U.S.C. § 1983)
(Right to Familial Relationship)
[Against Defendants CORSOLINI and DOES 1-10]

29. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

30. CORSOLINI and DOES 1-10, inclusive, acting under color of state law, deprived Plaintiff without due process of law, of her right to a familial relationship by seizing Decedent by using unreasonable, unjustified deadly force and violence and causing injuries which resulted in Plaintiff's Decedent's death, all without justifiable provocation, in violation of rights, privileges, and immunities secured by the Fourth, and Fourteenth Amendments to the United States Constitution. As a result, Plaintiff suffered damages as alleged in this Complaint.

31. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff and Decedent. The wrongful acts, and each of them, were willful, oppressive, and malicious.

### FOURTH CAUSE OF ACTION
(Survival Action—Violation of Decedent's Civil Rights—42 U.S.C. § 1983)
[Against all defendants]

32. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

33. The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the plaintiff with respect to this claim if he had lived.

34. Defendants acted under color of law in subjecting Decedent to excessive force, thereby depriving Plaintiff and the Decedent of certain constitutionally protected rights, including, but not limited to the right to be free from the excessive use of force by law enforcement officers, as guaranteed by the fourth and fourteenth Amendments to the United States Constitution.

35. As a proximate result of the foregoing wrongful acts of defendants, and each of them, the Decedent has sustained a loss of the enjoyment of life and damages, in an amount in accordance with proof.

36. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff and the Decedent. The wrongful acts, and each of them, were willful, oppressive and malicious.

**FIFTH CAUSE OF ACTION**
(Wrongful Death—Intentional—CCP §§ 377.60 and 377.61)
[Against Defendants CORSOLINI and DOES 1-10]

37. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

38. Defendant's officers, including CORSOLINI and DOES 1-10, inclusive, intentionally and wrongfully assaulted, battered and shot Plaintiff's Decedent, proximately causing his death. Defendants' officers either intended to cause Decedent's death when assaulting, battering and shooting him, or intended to assault and batter Decedent and thereby proximately caused his death.

39. As an actual and proximate result of defendants officers' intentional and wrongful conduct against Decedent, and the proximately caused death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of Decedent, in an amount according to proof at trial.

40. As a further actual and proximate result of defendants' intentional and wrongful conduct against Decedent, and the proximately caused death of Decedent, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

41. Pursuant to CCP §§ 377.60 and 377.61, Plaintiff has brought this action against, and claims damages from, said defendants for the wrongful death of Decedent and resulting injuries and damages.

**SIXTH CAUSE OF ACTION**
(Wrongful Death—Negligence—CCP §§ 377.60 and 377.61)
[Against Defendants CORSOLINI and DOES 1-10]

42. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

43. Defendants' officers, including CORSOLINI and DOES 1-10's negligent actions and/or negligent failures to act, as set forth herein above proximately caused the death of Decedent.

44. As an actual and proximate result of defendants' officers' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of Decedent, in an amount according to proof at trial.

45. As a further actual and proximate result of defendants' officers' negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

46. Pursuant to CCP §§ 377.60 and 377.61, Plaintiff has brought this action against, and claims damages from, said defendants for the wrongful death of Decedent, and resulting injuries and damages.

**SEVENTH CAUSE OF ACTION**
(Violation of Civil Code § 51.7)
[Against Defendants CORSOLINI and DOES 1-10]

47. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

48. Plaintiff is informed and believes and thereon alleges that the conduct of defendants' officers CORSOLINI and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against Plaintiff's Decedent. Decedent is and was readily recognizable as an Arab-American and a Hispanic-American. In engaging in such conduct, Defendants violated Plaintiff's Decedent's rights under California Civil Code § 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

49. Under the provisions of California Civil Code § 52(b), defendants are liable an additional $25,000.00 for each violation of Civil Code § 51.7 for punitive damages and for reasonable attorney's fees.

50. As a proximate result of defendants' wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
(Violation of Civil Code § 52.1)
[Against Defendants CORSOLINI and DOES 1-10]

51. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

52.  The conduct of defendants' officers, including CORSOLINI and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for the CITY, violated California Civil Code § 52.1, in that through the wrongful assault and battery and killing of Decedent they interfered with Decedent's exercise and enjoyment of his civil rights, and interfered with the rights of Plaintiff including her right to a familial relationship.  This deprivations was without due process of law, by the use of unreasonable and unjustifiable force and violence and wrongful conduct as alleged herein, all without provocation and in violation of the Fourth and Fourteenth Amendments to the United States Constitution, all to Plaintiff's damage as alleged herein.

53.  As a direct and proximate result of defendants' violation of Civil Code § 52.1, Decedent and Plaintiff suffered violation of their constitutional rights, and suffered damages as set forth herein.

54.  Since this conduct occurred in the course and scope of their employment, the CITY is therefore liable to Plaintiff pursuant to *respondeat superior*.

55.  Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code § 52.1(h).

## NINTH CAUSE OF ACTION
(Assault and Battery)
[SALEH ALI as a representative of the Estate of NASIR ALI SOLIS against Defendants CORSOLINI and DOES 1-10]

56.  Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

57.  Defendants' officers, including CORSOLINI and DOES 1-10, inclusive, placed Decedent's in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

58.  These defendants' conduct was neither privileged nor justified under statute or common law.

59.  As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

//
//
//

**TENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)
[Against Defendants CORSOLINI and DOES 1-10]

60. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

61. The conduct of defendants' officers, including CORSOLINI and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Decedent.

62. As a proximate result of defendants' willful, intentional and malicious conduct, Plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants. Plaintiff has suffered damages as hereinafter set forth.

**ELEVENTH CAUSE OF ACTION**
(Negligence)
[Against Defendants CORSOLINI and DOES 1-10]

63. Plaintiff hereby repeats and re-alleges all of the previous allegations herein by reference.

64. At all times herein mentioned, defendants' officers CORSOLINI and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Decedent to suffer injuries and damages as set forth herein.

65. The wrongful conduct of defendants which caused the death of Decedent, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Decedent. Pursuant to Government Code § 815.2(a), the CITY is vicariously liable to Plaintiff, on behalf of Decedent, for injuries and damages suffered as alleged herein, and incurred as a proximate result of the aforementioned wrongful conduct of defendants.

66. As a proximate result of Defendants' negligent conduct, Decedent suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on his emotional

tranquility, and damages. Ultimately, as the proximate result of defendants' negligent conduct, NASIR SOLIS died. Said defendants are therefore liable to Plaintiff, on behalf of Plaintiff.

## JURY DEMAND

67. Plaintiff hereby demands a jury trial in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $10,000,000.00;
2. For special damages in a sum according to proof;
3. For funeral and burial expenses according to proof;
4. For punitive damages for Decedent's causes of action against defendant peace officers in a sum according to proof;
5. For injunctive relief enjoining, pursuant to California Civil Code § 52.1, the CITY from authorizing, allowing, or ratifying the practice by any peace officer employee of the CITY of using excessive and unreasonable force against persons;
6. Civil penalty of $25,000.00 and punitive damages against defendants' officers for each violation of California Civil Code § 51.7, punitive damages against defendants' officers, and reasonable attorney's fees, pursuant to California Civil Code § 52(b);
7. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

Dated: September 17, 2007                                KLETTER & PERETZ

By: _____
Yosef Peretz
Attorney for Plaintiff SALEH ALI