JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorneys for Plaintiff
MARIA JOYA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA JOYA, individually, and as Administrator of the Estate of NASIR SOLIS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HAYWARD, a municipal corporation; LLOYD LOWE, in his capacity as Chief of Police for the CITY OF HAYWARD; JASON CORSOLINI, individually and in his capacity as an officer for the CITY OF HAYWARD; and DOES 1-25, inclusive,<br><br>Defendants.<br>_____/ | Case No. C 07-04739 SI<br><br>**NOTICE OF RELATED CASES**<br><br>**(Civil L.R. 3-12)** |

**NOTICE OF RELATED CASES**
**(Civil L.R. 3-12)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 3-12, plaintiff submits the following Notice of Related Cases, on the following grounds:

a) The above-captioned action concerns substantially the same questions of fact and law as Saleh Ali v. City of Hayward, et al. United States District Court, Northern District of California, Case No. C 07-04718 CRB.

NOTICE OF RELATED CASES
C 07-04739 SI                                                                                                                    1

b) It is likely that there will be an unduly burdensome duplication of labor and expense and conflicting results if these cases - *Maria Joya v. City of Hayward, et al.* and *Saleh Ali v. City of Hayward* are conducted before different judges.

No hearing date is scheduled, pursuant to Civ. L. R. 7-11.

### MEMORANDUM OF POINTS AND AUTHORITIES

Civil Local Rule 3-12 sets forth the following format and factors to be considered for an administrative motion to consider whether cases should be related:

1. **TITLE AND CASE NUMBER OF EACH APPARENTLY RELATED CASE:**

    a. <u>Maria Joya, individually, and as Administrator of the Estate of Nasir Solis v. City of Hayward, et al.</u> case no. C 07 04739 SI

    b. <u>Saleh Ali, individually and as the administrator of the estate of Naser Ali Solis</u> no. C 07-04718 CRB

2. **RELATIONSHIP OF THE ACTIONS ACCORDING TO CRITERIA SET FORTH IN CIVIL L.R. 3-12:**

    a. <u>Both Actions Concern Substantially the Same Parties, Policies, and Events.</u>

Each of these actions arises from the wrongful death of Nasir Solis on the afternoon of August 30, 2006. Each of these actions has as its named defendants the City of Hayward a municipal corporation, Lloyd Lowe, in his capacity as Chief of Police for the City of Hayward, and Jason Corsolini, individually and his capacity as a police officer for the City of Hayward.

Plaintiffs in both cases are seeking remedial relief as follows: <u>DAMAGES</u>: Wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b); C.C.P. Sections 377.30, 377.32, and 377.34; <u>FIRST CAUSE OF ACTION</u>: 42 U.S.C. Section 1983 (Against Defendants CORSOLINI and DOES 1-10); <u>SECOND CAUSE OF ACTION</u>: 42 U.S.C. section 1983 (Against Defendants CITY, LOWE and DOES 11-25); <u>THIRD CAUSE OF ACTION</u>: 42 U.S.C. Section 1983 Right to Familial Relationship (Against Defendant CORSOLINI and DOES 1-10)

FOURTH CAUSE OF ACTION: SURVIVAL ACTION: VIOLATION OF DECEDENT'S CIVIL RIGHTS – 42 U.S.C. § 1983 (Against all defendants); FIFTH CAUSE OF ACTION: Wrongful Death-Intentional C.C.P. Sections 377.60 and 377.61 (Against Defendant CORSOLINI and DOES 1-10); SIXTH CAUSE OF ACTION: Wrongful Death-Negligence C.C.P. Section 377.60 and 377.61 (Against Defendant CORSOLINI and DOES 1-10); SEVENTH CAUSE OF ACTION: Violation of Civil Code Section 51.7 (Against Defendant Officers CORSOLINI and DOES 1-10); EIGHTH CAUSE OF ACTION: Violation of Civil Code Section 52.1 (Against Defendant CORSOLINI and DOES 1-10); NINTH CAUSE OF ACTION: Assault and Battery (Against Defendants CORSOLINI and DOES 1-10); TENTH CAUSE OF ACTION: Intentional Infliction of Emotional Distress (Against all defendant police officers herein); ELEVENTH CAUSE OF ACTION: Negligence (Against Defendant CORSOLINI and DOES 1-10). Thus, unless the instant case is related to the *Saleh Ali* action, there is a substantial likelihood that there would not only be a significant duplication of effort, waste of judicial resources and unnecessary expense, but there would also be the possibility of inconsistent results.

Therefore, plaintiff respectfully submits that the instant case should be related to the *Saleh Ali* action.

DATED: December 6, 2007

LAW OFFICES OF JOHN L. BURRIS

_____
BENJAMIN NISENBAUM, Esq.
Attorneys for Plaintiff MARIA JOYA, individually,
and as Administrator of the Estate of NASIR SOLIS

NOTICE OF RELATED CASES
C 07-04739 SI

3