MICHAEL J. O'TOOLE (SBN 97779) City Attorney
RANDOLPH S. HOM (SBN 152833)
Assistant City Attorney
CITY OF HAYWARD
777 "B" Street
Hayward, California 94541
Telephone: (510) 583-4450
Facsimile:  (510) 583-3660

Attorneys for Defendants City of Hayward,
Lloyd Lowe, and Jason Corsolini

YOSEF PERETZ
KLETTER & PERETZ
One Embarcadero Center, Suite 1200
San Francisco, CA 94111

ISSA J. MICHAEL
THE MICHAEL LAW FIRM
1648 Union Street, Suite 201
San Franciscso, CA 94123

Attorneys for Plaintiff Saleh Ali

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALEH ALI, individually, and as Administrator of the Estate of NASIR ALI SOLIS, <br><br> Plaintiffs, <br><br> -vs- <br><br> CITY OF HAYWARD, a municipal corporation; LLOYD LOWE, in his capacity as Chief of Police for the CITY OF HAYWARD; JASON CORSOLINI, individually and in his capacity as an officer of the HAYWARD POLICE, <br><br> Defendants. | Case No:.  C 07 04718 (CRB) <br><br> JOINT CASE MANAGEMENT CONFERENCE STATEMENT <br><br> DATE:       December 21, 2007 <br> TIME:        8:30 a.m. <br> CRTRM:    8 |

  1. Jurisdiction. All named parties are purportedly subject to the Court's jurisdiction

pursuant to Title 28 of the United States Code Sections 1331 and 1343. See related action of <u>Joya

v. City of Hayward, et al.</u>, United States District Court Case No. C 07-04739 (SI) for related

parties.

2.  Substance of Action.

**Plaintiff's Claim**:

On the afternoon of August 30, 2006, Nasir Solis approached his brother, Alberto Solis, and a group of several other people, including Mark Mata, Mr. Mata's brother, Mr. Mata's mother, and Mr. Mata's grandmother, in the yard of Mr. Mata's residence at 168 Laurel Avenue, Hayward, California. Nasir Solis knew Mr. Mata through school and common acquaintances. Nasir Solis asked his brother, Alberto Solis, if he had taken Nasir Solis's bicycle. Nasir Solis's brother was bewildered at the question and told Nasir Solis that he had not taken his bicycle. Nasir Solis's brother stepped out of the yard and began arguing with Nasir Solis, who held a short stick or a shaft in his hand. The two brothers began to wrestle after Nasir Solis struck the yard's fence with the object he held. No threats were made by Nasir Solis, and the wrestling between the two brothers was not violent or out of control.

Defendant Jason Defendant Corsolini arrived on the scene in a marked Hayward Police Department vehicle. Defendant Corsolini abruptly stopped his police vehicle, exited the vehicle in full police uniform, and immediately ran toward Nasir Solis. Defendant Corsolini held a long black police baton in one hand as he ran toward Nasir Solis. Nasir Solis's brother stepped away when he noticed the officer. Defendant Corsolini immediately struck Nasir Solis on the head with his police baton, and Nasir Solis dropped the object he had been holding. As he struck Nasir Solis, Defendant Corsolini cursed at Nasir Solis repeatedly and told him to "drop the mother fucking stick." Nasir Solis never struck the officer. Nasir Solis was empty-handed as he backed away from Defendant Corsolini after being struck on the head by Defendant Corsolini's police baton. Defendant Corsolini continued striking Nasir Solis with his police baton. Witnesses called out to Defendant Corsolini to stop hitting Nasir Solis. Defendant Corsolini landed numerous blows to Nasir Solis, who was unarmed after the initial blow. Nasir Solis and Defendant Corsolini eventually faced each other while Defendant Corsolini continued to strike Nasir Solis. Nasir Solis did not strike Defendant Corsolini, but held on to him. Eventually, Nasir Solis fell to the ground with Defendant Corsolini on top of him. Defendant Corsolini then was in a position of advantage over Nasir Solis, who was on the ground. Defendant Corsolini

had Nasir Solis pinned to the ground with his knee on Nasir Solis's back. Nasir Solis told Defendant Corsolini that he "gave up" and begged him not to shoot him. Defendant Corsolini made no attempt to handcuff Nasir Solis. Witnesses yelled out to Defendant Corsolini and also pleaded with him not to further hurt or shoot Nasir Solis, since it appeared to them that Nasir Solis no longer presented a threat to Defendant Corsolini. For unjustifiable reasons, Defendant Corsolini then shot Nasir Solis several times with at least one shot to his head above his ear that caused the immanent death of Nasir Solis.

Plaintiff alleges that Defendant Corsolini's conduct was brutal, malicious, and done without any just provocation or cause, proximately causing Nasir Solis's suffering and death, and injuries and damages to Plaintiff. Plaintiffs further alleges that Defendant City of Hayward and Defendant LLOYD Lowe, its Chief of Police, have and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, these defendants failed to take necessary, proper, or adequate measures in order to prevent the violation of Nasir Solis's and Plaintiff's rights, the suffering and death of the Nasir Solis, and injuries and damages to Plaintiff. These defendants breached their duty of care to citizens in that they failed to adequately train, supervise and discipline their officers, including Defendant Corsolini, in the proper use of force, and/or failed to have adequate policies and procedures regarding the use of force. This lack of adequate supervisory training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by officers employed by the City of Hayward.

**Defendants' Claim**: On August 30, 2006, at approximately 2:45 p.m., Nasir Solis trespassed on to the residence of Bryant Taylor. Taylor confronted Solis. Solis wielded what appeared to be an in-line skate in his hand and physically attacked Taylor. Solis yelled, "Straight Norte!". Taylor followed Solis as he fled to another residence. Solis was involved in another physical alteracation. The Hayward Police Department ("HPD") responded to this battery in progress at 168 Laurel Avenue, in Hayward, California. HPD Officer Jason Corsolini, observed Solis brandish a metal pipe in his right hand. Solis repeatedly struck another male with the pipe to his upper body and head area. Corsolini repeatedly commanded Solis to drop the pipe and go

to the ground. Instead of complying with the officer's commands, Solis charged Corsolini and struck him with the pipe. Corsolini defended himself by striking Solis with his baton. Corsolini took the pipe from Solis. Solis took out a red bandana and proclaimed, "Norte, homey, Norte!" (i.e. Norteno Gang Affiliation) Solis charged the officer again causing both individuals to fall to the ground. Solis grabbed for the officer's firearm. The officer attempted to retain his firearm by pushing down on Solis' hand to keep the firearm in its holster. Solis threatened, "(I'm going to) shoot you." Corsolini gained control of his firearm. With Solis grabbing at the firearm several errant shots rang out. Ultimately, a fatal shot entered Solis through his neck area. The Autopsy Protocol detected .086 mg./l of methamphetamine and .024 mg./l of amphetamine in Solis' leg blood.

Defendants assert that Corsolini utilized reasonable force in his self-defense and during his contact with Solis . Moreover, defendants further assert that they are entitled to qualified immunity, inter alia.

3. Identification of Issues.

**Plaintiff**: Whether the force used by the defendant police officer who caused the death of Nasir Solis was excessive; whether the defendant police officer was justified in causing the death of Nasir Solis; whether Defendants the City of Hayward, Lloyd Lowe and other defendants agents of the City of Hayward ("Defendants") failed to take necessary, proper, or adequate measures in order to prevent the death of Nasir Solis and the violation of Plaintiff's rights; whether Defendants breached their duty of care to citizens in that they failed to adequately train, supervise and discipline their officers, in the proper use of force, and/or failed to have adequate policies and procedures regarding the use of force; whether plaintiff is entitled to compensatory and statutory damages as a result of Defendants' conduct; whether plaintiff is entitled to an award of punitive damages.

**Defendants**: The principal issues in dispute are the following: whether the force used by the defendant police officer was justified; whether defendant police officer is entitled to qualified immunity; whether plaintiff's damages were caused by excessive force; whether plaintiff is entitled to an award of punitive damages.

4. Narrowing of Issues.

**Plaintiff**: In addition to the issues set forth below by Defendants: whether the defendants failed to take necessary, proper, or adequate measures in order to prevent the death of Nasir Solis; whether the Defendants failed to adequately train, supervise and discipline their officers, in the proper use of force, and/or failed to have adequate policies and procedures regarding the use of force; that Plaintiff's damages were caused by excessive force and/or the misconduct of the Defendants.

**Defendants**: That the force used by the defendant police officer, if any, was justified; that defendant police officer is entitled to qualified immunity; that plaintiff's damages were caused by excessive force; that plaintiff is entitled to an award of punitive damages.

     5.    Motions

**Plaintiff**: On December 10, 2007, Plaintiff in the related action, Maria Joya filed a Notice and Administrative Motion to Determine Whether Cases Should be Related indicating that the Related Action should be related to this case. Plaintiff supports this motion and will seek a ruling on the motion on the Case Management Conference.

**Defendants**: Absent agreement, dispositive motion re above; motion to consolidate this action with the related action filed by Maria Joya, entitled <u>Maria Joya v. City of Hayward, et al.</u>, United States District Court Case No. C 07-04739 (SI).

     6.    Relief. Plaintiff prays for general damages in the amount of $10,000,000.00, and the following damages according to proof: special damages, funeral and burial expenses, punitive damages, and statutory damages.

     7.    Discovery. The parties plan to comply with the Court imposed deadline for initial disclosures. The parties anticipate conducting discovery as per the protocol defined in the FRCP including taking the depositions of all parties, and third party witnesses. In the event that the number of witnesses to be deposed exceeds the maximum under the FRCP, the parties shall seek relief from the Court. The parties also anticipate serving written discovery including but not limited to interrogatories, request for production of documents, request for admissions, and subpoena duces tecum prior to the non-expert discovery cut-off date. The parties anticipate that initial disclosures shall be made on or before the initial case management conference. The parties further agree that to the extent evidentiary samples relating to this matter, if any, are

maintained by HPD, or the Alameda County Sheriff's Department, Coroner's Bureau, or said agencies designees or agents, said parties mutually agree that they may obtain sufficient evidentiary samples for analysis at their own cost and expense to prepare their respective cases.

8. ADR. The parties are amenable to ADR.

9. The parties anticipate a ten-day trial, including jury selection.

10. Related Cases. <u>Maria Joya v. City of Hayward, et al.</u>, United States District Court Case No. C 07-04739 (SI)

11. Proposed Schedule:

**Plaintiff**: Both parties agree that this case and the related case, *Joya v. City of Hayward et al.*, US Dis. Court Case No. C 07-04739 (SI) (the "Related Action") should be consolidated. Plaintiff believes that the Related Action should be consolidated with this action with Honorable Judge Breyer presiding over the two cases since this action was filed earlier than the Related Action. Nonetheless, Defendants argue that this case should be related to the Related Action with Honorable Judge Illston presiding over the two cases. On December 10, 2007, Maria Joya, plaintiff in the Related Action (C 07-04739), filed Notice and Administrative Motion to Determine Whether Cases Should be Related indicating that the Related Action should be related to this case.

The present action was filed *before* the Related Action, thus it is the "earliest-filed case" within the meaning of Northern District's Local Rule §3.12 and should, therefore, become the leading case in a situation of two related actions as presented here. Further, the present action was served on Defendants by personal service on September 25, 2007 while the Related Action was served on Defendants on September 28, 2007. Thus, the fact that Defendants filed an Answer to this action only after an Answer was filed to the Related Action, does not indicate any

"priority" but merely the failure of the Defendants to timely respond to this action. Further, this case was assigned to Honorable Judge Breyer only after the Defendants declined to proceed with the case before Honorable Magistrate-Judge Chen on October 31, 2007. The Defendants took a calculated risk when declining to proceed before Magistrate Judge Chen and it appears that they are unsatisfied with the result and are making a second attempt to shop for a "better" forum. Plaintiff's counsel offered Defendants counsel to stipulate for a consolidation as early as November 8, 2007. On November 28, 2007, counsel for Defendants advised Plaintiff's Counsel that they insist on consolidation with Judge Illston presiding over the two cases. On the same day, November 28, 2007, Plaintiff's counsel asked Defendants to reconsider their position in light of the timing of the filing of the two cases vis-à-vis Rule §3.12, but this offer was also rejected by Defendants' counsel.

The Plaintiff will seek a ruling on this issue on the Case Management Conference set for December 21, 2007. If the two cases are consolidated as requested by Plaintiff, Plaintiff proposes that this case be set for another case management conference in 30 days. Taking into account the consolidation of the two cases, Plaintiff propose the following schedule:

A. Discovery Cut-Off (Non-Expert) May 31, 2008

B. Expert Disclosures June 30, 2008

C. Discovery Cut-Off (Expert) July 20, 2008

D. Pre-Trial Conference August 20, 2008

E. Trial (Estimate: 10 days ) September 8, 2008

Ali v. City of Hayward, et al.                                              Joint CMC Statement
Case No. C-07-04718 (CRB)                      7

Finally, the parties should not wait until the completion of the ADR process to commence with discovery as it is essential to conduct discovery in order to engage in a meaningful ADR process.

A.   **Defendants**:  It is premature to set a schedule at this time. In order to minimize the costs and attorneys fees associated with discovery, and to maximize settlement authority, at the outset, defendants prefer to mediate the dispute. Until such time the within action is consolidated with the pre-existing related action[1], and the ADR process is completed, in the interests of judicial economy, defendants propose that this matter be reset for further case management conference 120 days after the consolidation and after a global mediation.

DATED:  December ___, 2007              LAW OFFICES OF KLETTER & PERETZ
                                        By: _____
                                            YOSEF PERETZ
                                            Attorney for Plaintiff

---

[1] In regards to the related action of <u>Joya v. City of Hayward, et al.</u>, United States District Court Case No. C 07 04739 (SI), on September 28, 2007, plaintiff personally served her complaint on defendants. On October 16, 2007, defendants answered the complaint.

In the within action, on October 19, 2007, plaintiff served its complaint via United States mail on defendants. It should be noted that plaintiff filed a proof of service indicating personal service of the complaint on a "Jane Doe" on the fourth floor of Hayward City Hall on September 25, 2007. Defendants' counsel never received the complaint that was purportedly personally served. In the spirit of facilitating the adjudication of the matter, since Defendants already had answered the duplicative complaint (see complaint filed in <u>Joya</u> which is a verbatim rendition of the <u>Ali</u> complaint), defendants answered the mail served complaint in the within action on October 31, 2007, rather than formally contest service of process. On October 31, 2007, defendants counsel forwarded plaintiff's counsel a stipulation to mediate the dispute and forwarded a draft joint case management conference statement. After defendants declined to proceed before Magistrate Judge Edward M. Chen, on November 2, 2007, the case was reassigned to Judge Charles R. Breyer. On November 7, 2007, at the Court's request, plaintiff filed an electronic version of his complaint. After normal business hours, on November 8, 2007 at 5:27 p.m., plaintiff's counsel proposed via electronic mail that the within matter be consolidated with <u>Joya v. City of Hayward,</u> with the <u>Ali</u> matter serving as the lead case. Defendants' counsel was on vacation from November 9 through November 25, 2007. On November 28, 2007, defendants' counsel advised plaintiff's counsel that he is amenable to consolidating the matters with <u>Joya</u> serving as the lead case, with Judge Susan Illston presiding. Since defendants did not accept plaintiff's proposal, plaintiff's counsel characterized defendants' decision to not proceed before a Magistrate as improper "forum shopping". To the contrary, plaintiff appears to be engaged in impermissible "judge shopping". Since plaintiffs Ali and Joya chose to file separate duplicative complaints on successive days, Ali should not be able to benefit from his gamesmanship by obtaining his preferred court of choice.

1 | DATED: December __, 2007          THE MICHAEL LAW FIRM

2                                    By: _____
3                                         ISSA J. MICHAEL
                                          Attorney for Plaintiff
4

5 | DATED: December __, 2007          MICHAEL J. O'TOOLE, City Attorney

6                                    By: _____
                                          RANDOLPH S. HOM,
7                                         Assistant City Attorney
                                          Attorneys for Defendants
8