1  MICHAEL J. O'TOOLE (SBN 97779) City Attorney
   RANDOLPH S. HOM (SBN 152833)
2  Assistant City Attorney
   CITY OF HAYWARD
3  777 "B" Street
   Hayward, California 94541
4  Telephone: (510) 583-4450
   Facsimile:  (510) 583-3660
5
   Attorneys for Defendants City of Hayward,
6  Lloyd Lowe, and Jason Corsolini

7
                    UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| MARIA JOYA, individually, and as Administrator of the Estate of NASIR SOLIS,<br><br>                    Plaintiffs,<br><br>     -vs-<br><br>CITY OF HAYWARD, a municipal corporation; LLOYD LOWE, in his capacity as Chief of Police for the CITY OF HAYWARD; JASON CORSOLINI, individually and in his capacity as an officer of the HAYWARD POLICE,<br><br><br><br><br><br><br>                    Defendants.<br>_____/ | Case No:.  C 07 04739 (SI)<br><br>DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO DETERMINE WHETHER CASES SHOULD BE RELATED; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF RANDOLPH S. HOM; (PROPOSED) ORDER<br><br>DATE:     N/A<br>TIME:     N/A<br>CRTRM:    N/A |

**DEFENDANTS' OPPOSITION**

Plaintiff, Maria Joya, asserts that the within action should be related to Saleh Ali v. City of Hayward, et al., United States District Court Case No. C 07-04718 (CRB) [formerly assigned to Magistrate Judge Edward M. Chen], and that the actions should be consolidated with the Ali

---

| | | |
|---|---|---|
| Joya v. City of Hayward, et al.<br>Case No. C-07-04718 (SI) | 1 | Defendants' Opposition to Administrative Motion to Determine Whether Cases Should Be Related |

matter serving as the lead case.[1]  Interestingly, Joya is the surviving mother of the decedent, Nasir Solis, and Ali is his surviving father.  Significantly, Civil L.R. 3-12 provides that the within motion must be filed in the earliest-filed case (but does not deem that the earliest-filed case shall serve as the lead case).

Conveniently, Joya fails to apprise the court of the following salient facts. On September 12, 2007, Ali hand-filed his complaint and the case was initially assigned to Magistrate Judge Edward M. Chen.[2]  On September 13, 2007, **Joya** e-filed her **complaint**, which **is a verbatim**

---

[1] It should be noted that Joya fails to attach a proposed order to her motion; see also Joya and Ali's respective positions on the issue of relatedness and consolidation in the Joint Case Management Conference Statements filed in each case. Plaintiff Ali asserts in pertinent part that, "Both parties agree that this case and the related case, *Joya v. City of Hayward et al.*, US Dis. Court Case No. C 07-04739 (SI) (the "Related Action") should be consolidated. Plaintiff believes that the Related Action should be consolidated with this action with Honorable Judge Breyer presiding over the two cases since this action was filed earlier than the Related Action. Nonetheless, Defendants argue that this case should be related to the Related Action with Honorable Judge Illston presiding over the two cases. On December 10, 2007, Maria Joya, plaintiff in the Related Action (C 07-04739), filed Notice and Administrative Motion to Determine Whether Cases Should be Related indicating that the Related Action should be related to this case.

**The present action was filed *before* the Related Action, thus it is the "earliest-filed case" within the meaning of Northern District's Local Rule §3.12 and should, therefore, become the leading case in a situation of two related actions as presented here.** Further, the present action was served on Defendants by personal service on September 25, 2007 while the Related Action was served on Defendants on September 28, 2007. Thus, the fact that Defendants filed an Answer to this action only after an Answer was filed to the Related Action, does not indicate any "priority" but merely the failure of the Defendants to timely respond to this action. Further, this case was assigned to Honorable Judge Breyer only after the Defendants declined to proceed with the case before Honorable Magistrate-Judge Chen on October 31, 2007. **The Defendants took a calculated risk when declining to proceed before Magistrate Judge Chen and it appears that they are unsatisfied with the result and are making a second attempt to shop for a "better" forum**. Plaintiff's counsel offered Defendants counsel to stipulate for a consolidation as early as November 8, 2007. On November 28, 2007, counsel for Defendants advised Plaintiff's Counsel that they insist on consolidation with Judge Illston presiding over the two cases. On the same day, November 28, 2007, Plaintiff's counsel asked Defendants to reconsider their position in light of the timing of the filing of the two cases vis-à-vis Rule §3.12, but this offer was also rejected by Defendants' counsel.

The Plaintiff will seek a ruling on this issue on the Case Management Conference set for December 21, 2007. ..." (See Joint Case Management Conference Statement in Ali, 6:9-7:16)

[2] Civil L. R. 73-1(a)(1) provides in pertinent part: "**Parties must** either file written consent to the jurisdiction of the magistrate judge, or **request reassignment to a district judge, by the deadline for filing the initial case management conference statement**." In this regard, **Magistrate Judge Chen set a deadline of December 12, 2007** for the filing of the initial case

---

1 **duplicate of the <u>Ali</u> complaint, including each and every allegation and each cause of**
2 **action,** with the case assigned to the Honorable Susan Illston. On September 28, 2007, Joya
3 personally served her complaint on defendants. On October 16, 2007, defendants answered the
4 complaint.

5      On October 19, 2007, Ali served his complaint via United States mail on defendants. It
6 should be noted that plaintiff filed a proof of service indicating personal service of the complaint
7 on a "Jane Doe" on the fourth floor of Hayward City Hall on September 25, 2007. Defendants'
8 counsel never received the complaint that was purportedly personally served. In the spirit of
9 facilitating the adjudication of the matter, and since defendants already had answered the
10 duplicative complaint in <u>Joya</u>, defendants answered the mail served complaint in the <u>Ali</u> action
11 on October 31, 2007, rather than formally contest service of process. On October 31, 2007,
12 defendants counsel forwarded plaintiff's counsel in <u>Joya</u> and <u>Ali</u> a stipulation to mediate the
13 dispute and forwarded a draft joint case management conference statement. Again in the spirit of
14 facilitating the adjudication of the matter, rather than waiting until the December 12th deadline,
15 on October 31, 2007, defendants declined to proceed before Magistrate Judge Edward M. Chen.
16 On November 2, 2007, the case was reassigned to the Honorable Charles R. Breyer. On
17 November 7, 2007, at the Court's request, Ali filed an electronic version of his complaint. After
18 normal business hours, on November 8, 2007 at 5:27 p.m., Ali's counsel proposed via electronic
19 mail that the within matter be consolidated with <u>Joya v. City of Hayward,</u> with the <u>Ali</u> matter
20 serving as the lead case. Defendants' counsel was on vacation from November 9 through
21 November 25, 2007. On November 28, 2007, defendants' counsel advised Ali's counsel that he
22 is amenable to consolidating the matters with <u>Joya</u> serving as the lead case, with the Honorable
23 Susan Illston presiding. Since defendants did not accept plaintiff's proposal, Ali's counsel
24 characterized defendants' decision to not proceed before a Magistrate as improper "forum
25 shopping". To the contrary, plaintiff appears to be engaged in impermissible "judge shopping".
26

27 management conference statement.

1  See Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998) [Court has the inherent
2  power sua sponte to impose sanctions upon plaintiffs for improper "judge shopping", including
3  dismissal of the action in the exercise of its discretion]. In this regard, the Court may consider
4  the five factor test set forth in Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) before
5  resorting to dismissal. Here, plaintiffs Ali and Joya voluntarily chose to file separate duplicative
6  complaints on successive days in the same San Francisco Division, resulting in delays, and a
7  waste of Court and City of Hayward resources. Certainly, this action runs counter to the public's
8  interest in expeditious litigation. Thus, the first factor favors dismissal. Second, the Court's
9  ability to manage its docket was impaired by the plaintiffs' filing of two identical complaints
10 under different names. Defendants defer to the Court's judgment as to how much of the Court's
11 valuable time or whether or not serious disruptions were created by plaintiffs' conduct. Even if
12 large amounts of the Court's time were not wasted, and serious disruptions to the Court's
13 schedule did not occur, the second factor would at least "(weigh) in favor of the sanction but not
14 heavily." Hernandez, 138 F.3d at 399 quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu
15 Const. Co., Inc. ,857 F.2d 600, 603 (9th Cir. 1988) As to the third factor, at this early juncture it is
16 difficult to assess what prejudice defendants may have suffered by plaintiffs' "judge-shopping".
17 Nevertheless, defendants reserve the right to address this factor in the future in the event that the
18 issue becomes more clearly framed. In regards to the fourth factor, public policy favors
19 disposition of cases on their merits, especially in regards to civil rights matters. Eldridge v.
20 Block, 832 F.2d 1132, 1137 (9th Cir. 1987). Fifth, the availability of less drastic alternatives most
21 likely counsels against dismissal of both actions. Rather, other cases involving "judge-shopping"
22 suggest alternative sanctions such as dismissal of the second action only [see Telesco v. Telesco
23 Fuel & Mason's Materials, Inc., 765 F.2d 356, 360 (2d Cir. 1985)] or a stay of the second action
24 pending resolution of the first action. [see Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d
25 1197, 1204 (2d Cir. 1970)] In any event, neither plaintiff should be able to benefit from their
26 gamesmanship by obtaining their preferred judge of choice.
27        Accordingly, defendants respectfully request that the Court sanction plaintiffs

1 appropriately for their "judge-shopping" and that if any portion of the action(s) should remain
2 that it is adjudicated by a judge that is not plaintiffs' preferred judge of choice.

3 DATED:   December 12, 2007              MICHAEL J. O'TOOLE, City Attorney
                                    By:   _____/s/_____
4                                         RANDOLPH S. HOM,
                                          Assistant City Attorney
5                                         Attorneys for Defendants