YOSEF PERETZ (SBN 209288)
KLETTER & PERETZ
One Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: (415) 732-3777
Facsimile: (415) 732-3791
E-mail: yp@kletterperetz.com

ISSA J. MICHAEL (SBN 184256)
THE MICHAEL LAW FIRM
1648 Union Street, Suite 201
San Francisco, CA 94123
Telephone: (415) 447-2833
Facsimile: (415) 447-2834
E-mail: IMichaelESQ@yahoo.com

Attorneys for Plaintiff SALEH ALI

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALEH ALI, individually and as the administrator of the estate of NASER ALI SOLIS<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HAYWARD; LLOYD LOWE, in his capacity as Chief of Police for the CITY OF HAYWARD; JASON CORSOLINI, individually and in his capacity as an officer for the CITY OF HAYWARD; and DOES 1-20, inclusive,<br><br>Defendants. | Civil Case No. C 07-04718 (CRB)<br><br>**PLAINTIFF SALEH ALI'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF IN CASE NO. C 07 04739 (SI) MARIA JOYA'S MOTION FOR DETERMINATION WHETHER CASES SHOULD BE RELATED** |

## I. INTRODUCTION

On August 30, 2006, Nasir Ali Solis ("Solis") was beaten, shot and killed by Defendant Jason Corsolini ("Corsolini"), a police officer employed by the City of Hayward. Plaintiff Saleh Ali ("Ali"), Solis' father, brought a wrongful death action against Defendants Corsolini, City of Hayward and Lloyd Lowe in his capacity as Chief of Police for the City of Hayward (collectively herein referred to as "Defendants"). The day after Ali filed his wrongful death action, Maria Joya ("Joya"), Solis' mother, brought a separate wrongful death action against the

PLAINTIFF SALEH ALI'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF IN CASE NO. C 07 04739 (SI) MARIA JOYA'S MOTION FOR
DETERMINATION WHETHER CASES SHOULD BE RELATED

- 1 -

Defendants. Ali and Joya have been separated for several years and retained different counsel to represent them in actions against the Defendants. Thereafter, Joya filed a Notice of Related Cases and Ali and Joya sought to consolidate the actions under the present case, the first filed action, in accordance with Northern District Local Rule ("L.R.") 3-12.

Defendants — being the pot calling the kettle black — now seek an unwarranted and harsh measure of dismissal or reassignment against Ali and Joya for properly engaging in the litigation process, by accusing Ali and Joya of improperly judge shopping. While Ali and Joya have not engaged in any improper behavior, Defendants are guilty of engaging in judge shopping: first, by declining to proceed with the action before a magistrate-judge; and now, by requesting that this motion be denied and another judge preside over the consolidated actions.

Despite these requests, Defendants fail to provide any justification for the dismissal or reassignment of both Ali and Joya's cases as the Defendants have clearly failed to establish the following: 1) that Ali and Joya are judge shopping as they have failed to establish the basic requirement of judge shopping — that a single party be filing multiple actions; and 2) that the five requirements to warrant dismissal of an action for judge shopping set forth in *Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998), have been met. Specifically, Defendants have failed to establish a single element required by *Hernandez, supra*. They have provided no evidence that there is any risk of prejudice to the Defendants; that only a dismissal or reassignment will result in an expeditious resolution of the litigation; that the public policy favoring disposition of cases on their merits will be upheld with a dismissal; that the court cannot manage its docket; and finally that there are not less drastic sanctions available. *Id.* at 399. Moreover, even if they had established any of these elements, neither of Defendants punitive requests is warranted. As such, Defendants request for dismissal or reassignment must be denied.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 30, 2006, Solis was beaten, shot and killed by Defendant Jason Corsolini, a police office for the City of Hayward. Thereafter, on September 12, 2007, Ali, Solis' father, filed the present wrongful death action against the Defendants in the Northern District of California ("Ali Action"). The Ali Action was assigned to Honorable Magistrate-Judge Edward Chen on September 12, 2007. Subsequently, on September 13, 2007, Joya, Solis' mother,

PLAINTIFF SALEH ALI'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF IN CASE NO. C 07 04739 (SI) MARIA JOYA'S MOTION FOR DETERMINATION WHETHER CASES SHOULD BE RELATED

- 2 -

brought a separate wrongful death action against the Defendants in the Northern District of California, Case No. C 07-04739. ("Joya Action"). The Joya Action was assigned to Honorable Judge Susan Illston ("Judge Illston").

Joya and Ali are the parents of Solis. However, they have been separated for several years now. Joya and Ali filed their actions separately and through separate counsel. Counsel for Joya and Ali do not have any co-counsel agreement or any other agreement upon which they agreed to represent their respective clients together. The Joya Action and the Ali Action are based on separate interests and separate rights and as such, were filed separately.

On September 25, 2007, Ali personally served Defendants through an authorized representative of the City of Hayward served by a process server registered with the State of California. On September 28, 2007, Joya personally served the Defendants with her complaint. On October 31, 2007, the Defendants filed a notice that they declined to proceed before Magistrate-Judge Edward Chen with regard to the Ali Action. Ali never filed such notice and was amenable to proceed with the action before Magistrate-Judge Edward Chen. On November 2, 2007, the Ali Action was reassigned to Honorable Judge Charles Breyer ("Judge Breyer").

On November 8, 2007, counsel for Ali contacted Defendants counsel via email to propose a stipulation that the Ali Action and Joya Action will be consolidated. Counsel for the Defendants did not respond to Ali's counsel's request until November 28, 2007.[1] However, on counsel for the Defendants also provided that Defendants were amenable to consolidating the Ali action and the Joya Action, but only with Judge Illston presiding over the consolidated case. Defendants never provided Ali or Joya with a basis for this proposal, although L.R. 3-12 clearly implies that the "earliest-filed" case would be the leading case for purposes of consolidation.

On December 7, 2007, Joya filed a Notice of Related Cases pursuant to L.R. 3-12, seeking the consolidation of the cases, indicating that the Joya Action should be related to the Ali Action to prevent a duplication of effort, waste of judicial resource and unnecessary expense, and to prevent the possibility of inconsistent results. On December 13, 2007, Defendants opposed the Notice of Related Cases and accuse Ali and Joya of judge shopping. In a meet and confer process prior to the filing of this motion, on November 28 and 30, 2007,

---

[1] Counsel for Defendants never informed Ali's counsel in advance that he would be unavailable from November 9, 2007 through November 25, 2007. In fact, the first time Ali's counsel learned of Defendants counsel's unavailability was on November 28, 2007, after Plaintiff's counsel noted in an early draft of a Joint Case Management Statement that his offer for consolidation was never responded by the Defendants. Immediately after this draft was sent to Defendants counsel, the later responded to Plaintiff's counsel's request of November 8, 2007.

PLAINTIFF SALEH ALI'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF IN CASE NO. C 07 04739 (SI) MARIA JOYA'S MOTION FOR DETERMINATION WHETHER CASES SHOULD BE RELATED

Ali's counsel requested that the cases be consolidated as Joya and Ali assert, but Defendants' counsel declined this proposal.

### III.  LEGAL ARGUMENTS

#### 1.  The Plaintiffs in the Ali Action and the Joya Action Have Not Engaged in Judge Shopping

Pursuant to L.R. 3-3(c), a party may be liable for judge shopping if they file an action in multiple divisions or dismisses an action and subsequently re-files it for the purpose of obtaining an assignment in contravention of Civil L.R. 3-3(b). Here, neither of the Plaintiffs in the Ali Action or the Joy Action has engaged in this conduct. Moreover, even if they had, dismissal of the actions is not warranted. *Hernandez, supra,* 138 F.3d at 399 (9th Cir. 1998). As such, Defendants' Opposition and Request for Dismissal must be denied.

#### 2.  The Plaintiffs in the Ali Action and the Joya Action are Separate and Distinct and can Therefore not be Accused of Judge Shopping

For a party to be accused of judge shopping, the *same party* must have filed both actions. *Telesco v. Telesco Fule & Mason's Materials, Inc.*, 765 F.3 d 356, 360 (2d Cir. 1985). In this instance, there are clearly two different parties. While Joya and Ali had a relationship in the far past, they currently have no relationship. There is no aspect of their lives that is currently connected, other than the fact that they both suffered the loss of Solis. Moreover, Ali and Joya have two separate counsels and there is no co-counsel relationship or agreement between counsel in the Ali Action and the Joya Action. As professional courtesy mandates, counsel have attempted to coordinate their cases to assist the Court and the Defendants and ensure an expeditious and non-duplicitous litigation. Nonetheless, neither Ali nor Joya should be punished for pursuing their separate rights with regard to the death of their son. There are two separate parties who have served two separate actions and as such the accusation of judge shopping is without merit as the basic requirement — that the same party files the actions — does not exist.

//

//

//

PLAINTIFF SALEH ALI'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF IN CASE NO. C 07 04739 (SI) MARIA JOYA'S MOTION FOR DETERMINATION WHETHER CASES SHOULD BE RELATED

- 4 -

### 3. Even if the Plaintiffs in the Ali Action and the Joya Action had Engaged in Judge Shopping, Dismissal is not Warranted

There are five factors a district court must consider before resorting to the penalty of dismissal for judge shopping. *Hernandez, supra* 138 F.3d at 399, *quoting, Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). First, the court must consider the public's interest in the expeditious resolution of litigation. *Id.* Despite Defendants assertion, there has been no delay in the resolution of this case and the Plaintiffs in both the Ali Action and the Joya Action have acted in an expeditious manner. The courts have looked at factors such as re-filing and removal as counter to the public's interest in expeditious litigation. *Herndanez,* 138 F.3d at 399. Here, both Ali and Joya timely filed and served their complaints, contacted Defendants timely to consider case consolidation, and moved to consolidate prior to the first Case Management Conference. Neither Ali nor Joya have either attempted to re-file any action or remove it to another jurisdiction. As such, Defendants' assertion that Plaintiffs Ali and Joya have acted in a manner to cause delays is unwarranted.

Further, the only delays in the Ali Action were caused by the Defendants. First, the Defendants answered the Complaint well after the 20-day period to respond. The Complaint was first served on September 25, 2007, and the Defendants Answer was served belatedly on October 31, 2007.[2] Second, while the Ali Action was assigned to Magistrate-Judge Chan on September 12, 2007, it was the Defendants who chose to object to this assignment and it was only after this objection that the Ali Action was reassigned to Judge Breyer.

The second factor the court should consider is the need of the court to manage its docket. *Id.* Defendants have cited no action of Ali or Joya that have interrupted the court's management of the docket. In actuality, Plaintiffs Ali and Joya have acted in consideration of this need and have timely filed a motion to consolidate the actions.

The third factor the court should consider in determining if dismissal is warranted, is prejudice incurred by the Defendants. *Id.* Defendants themselves admit that at this point they have suffered no prejudice. The Defendants rather cite to potential future prejudice. Ali can only conclude that Defendants basis for prejudice is that they might not like the ruling of Judge Breyer on the present motion; however, this does not qualify as prejudice. Prejudice to Defendants requires that the Ali and Joya's actions impair the Defendants ability to go to trial

---

[2] Ali never requested that a default be entered against Defendants, although their answer was not timely filed.

PLAINTIFF SALEH ALI'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF IN CASE NO. C 07 04739 (SI) MARIA JOYA'S MOTION FOR DETERMINATION WHETHER CASES SHOULD BE RELATED

- 5 -

or interfere with the rightful decision of the case. *Id. See also, Malone v. United States Postal Serv.*, 833 F.2s 128, 131 (9th Cir. 1987). Here, there are no such allegations. As such, there is no prejudice to Defendants

The fourth factor the court should consider under *Henderson, supra,* is the public policy favoring disposition of cases on their merits. *Hernandez, supra,* 138 F.3d at 399. Defendants do not address this factor in their argument for dismissal. However, clearly a dismissal of either of these actions would go against this factor. As previously provided, the Plaintiffs in the Ali Action and the Joya Action are separate and distinct individuals who have separate rights with regard to the wrongful death of their son. To dismiss either one of these actions would preclude either Ali or Joya of this right and prohibit them from seeking a disposition of the matter on its merits. Therefore, the fourth factor falls against dismissal as well.

The fifth factor is the availability of less drastic alternatives to dismissal. *Id* at 400. Here, there are clearly less drastic alternatives. However, as provided, Ali and Joya have not engaged in judge shopping and therefore no alternatives are necessary. Defendants propose the punitive measure that if dismissal is not warranted, Plaintiffs Ali and Joya should be reprimanded by not having their preferred judge of choice hear the matter. Defendants provide no basis for this proposal and no reason why it is appropriate. This request appears to be nothing more than a thinly veiled attempt by the Defendants to engage in forum shopping of their own.

Based on the foregoing, Ali sees no basis for the dismissal or removal of the Ali Action or the Joya Action. Defendants have not established that either Ali or Joya engaged in judge shopping or that if Ali or Joya engaged in this behavior that dismissal is warranted.

## IV.  CONCLUSION

Plaintiffs in the Ali Action and the Joya Action have acted properly in filing their actions and seeking a consolidation of the actions pursuant to the related case requirements of L.R. 3-12. Plaintiffs Ali and Joya have not acted in manner prohibited by L.R. 3-3(c) and have not engaged in the improper conduct of judge shopping. Defendants improperly seek to punish Plaintiffs Ali and Joya from properly litigating their claims against Defendants. Based on the foregoing and the information set forth in the other documents filed in this matter, the Defendants request for dismissal and/or removal from this court must be denied.

PLAINTIFF SALEH ALI'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF IN CASE NO. C 07 04739 (SI) MARIA JOYA'S MOTION FOR DETERMINATION WHETHER CASES SHOULD BE RELATED

Dated: December 18, 2007

KLETTER & PERETZ

By: _____
Yosef Peretz
Counsel for Plaintiff
SALEH ALI

---

PLAINTIFF SALEH ALI'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF IN CASE NO. C 07 04739 (SI) MARIA JOYA'S MOTION FOR DETERMINATION WHETHER CASES SHOULD BE RELATED